IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


WENDY WOLFE,                                    09-CV-922-BR

         Plaintiff,                             OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

         Defendant.


**RORY JOSEPH LINERUD**
P.O. Box 1105
Salem, OR 97308-1105
(503) 587-8776

         Attorney for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

          Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Wendy Wolfe seeks judicial review of a final

decision of the Commissioner of the Social Security Admini-

stration (SSA) in which he denied Plaintiff's application for

Supplemental Security Income (SSI) under Title XVI of the Social

Security Act.  This Court has jurisdiction to review the

Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the

decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     Plaintiff filed an application for SSI on March 20, 2006,

alleging a disability onset date of January 15, 2001.

Tr. 12,105.[1]  The application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

hearing on May 13, 2008, and a supplemental hearing on August 4,

_____

     [1] Citations to the official transcript of record filed by
the Commissioner on December 8, 2009, are referred to as "Tr."

2 - OPINION AND ORDER

2008.  Tr. 25-46, 47-64.  Plaintiff was represented by an attorney at the hearings.  Plaintiff testified at the first hearing.  Plaintiff and a vocational expert (VE) testified at the second hearing.

The ALJ issued a decision on September 4, 2009, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 9-20.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 5, 2009, when the Appeals Council denied Plaintiff's request for review.


### BACKGROUND

Plaintiff was born on July 1, 1978; was 29 years old at the time of the first hearing; and was 30 years old at the time of the second hearing.  Tr. 105.  Plaintiff completed ninth grade.  Tr. 259.  Plaintiff has past relevant work experience as a fast-food cashier.  Tr. 18.

Plaintiff alleges disability due to attention deficit hyperactivity disorder (ADHD) and diabetes mellitus.  Tr. 105.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 17-18.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001).  The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision.  *Robbins,*

466 F.3d at 882.  The Commissioner's decision must be upheld even

if the evidence is susceptible to more than one rational

interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.

2005).  The court may not substitute its judgment for that of the

Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential

inquiry to determine whether a claimant is disabled within the

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially

dispositive.

In Step One, the claimant is not disabled if the Commis-

sioner determines the claimant is engaged in substantial gainful

activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052

(9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commis-

sioner determines the claimant does not have any medically severe

impairment or combination of impairments.  *Stout*, 454 F.3d at

1052.  *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of

6 - OPINION AND ORDER

'disabled' and 'not disabled.'"   SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her March 20, 2006, application date.  Tr. 14.

At Step Two, the ALJ found Plaintiff has the severe impairments of ADHD, "post traumatic stress disorder

7 - OPINION AND ORDER

(PTSD)/anxiety," personality disorder, diabetes mellitus, and asthma.  Tr. 14.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform "a full range of work at all exertional levels."  Tr. 15.  The ALJ found Plaintiff has the following nonexertional limitations:  She is limited to "simple tasks and instructions"; she should not "perform fast-paced production"; she should not have interaction with the general public or close interaction with coworkers; she should not work in an environment "with concentrated fumes or hazards"; and she should not climb ropes, ladders, or scaffolds. Tr. 15.

At Step Four, the ALJ found Plaintiff is not capable of performing her past relevant work.  Tr. 18.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 19.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to develop the record, (2) improperly rejected Plaintiff's testimony, (3) improperly rejected a lay-witness statement, and

(4) relied on inaccurate testimony by the VE.

**I.   The ALJ did not improperly fail to develop the record.**

Plaintiff contends the ALJ erred when he allowed Plaintiff's mother to submit only a written statement and did not request Plaintiff to attend a consultative examination.

**A.   Written statements**

As noted, Plaintiff contends the ALJ erred when he allowed Plaintiff's mother to submit only a written statement. The Social Security Commission Regulations, however, do not distinguish between written and oral statements of lay witnesses. *See generally* 20 C.F.R. § 416.929.  Accordingly, the Court finds the ALJ's decision to allow Plaintiff's mother to submit a written statement was within the discretion of the ALJ, and Plaintiff has not shown a basis for finding the ALJ erred when he made that decision.

**B.   Consultative examination**

Plaintiff also contends the ALJ erred because Plaintiff "anticipated that she would be asked to attend a consultative examination, at the request of the ALJ, so a physician could examine her and evaluate her seizure disorder impairment."  The ALJ, however, did not request a consultative examination for Plaintiff.

The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

When important medical evidence is incomplete, the ALJ has a duty

to recontact the provider for clarification.  20 C.F.R.

§ 416.927(c)(2).  *See also Brown v. Heckler*, 713 F.2d 441, 443

(9th Cir. 1983)(the ALJ has a "special duty to fully and fairly

develop the record" even when the claimant is represented by an

attorney).  When making disability determinations,

> [i]f the evidence is consistent but we do not have
> sufficient evidence to decide whether you are
> disabled, or if after weighing the evidence we
> decide we cannot reach a conclusion about whether
> you are disabled, we will try to obtain additional
> evidence. . . .  We will request additional
> existing records, recontact your treating sources
> or any other examining sources, ask you to undergo
> a consultative examination at our expense, or ask
> you or others for more information.

20 C.F.R. § 416.927(c)(3).  The decision whether to request a

consultative examination is within the discretion of the ALJ.

*See* 20 C.F.R. § 919a ("A consultative examination may be

purchased when the evidence as a whole, both medical and

nonmedical, is not sufficient to support a decision on your

claim.").

Here the ALJ had numerous records from treating and

examining physicians relating to Plaintiff's diabetes and alleged

seizure-like symptoms that occurred when she had low glucose

levels.  The ALJ determined these records did not support

Plaintiff's allegations of frequent, severe seizures.

The Court concludes on this record that the ALJ did not

err when he did not order a consultative examination of Plaintiff

10 - OPINION AND ORDER

because Plaintiff has not established the ALJ had insufficient
evidence to reach a conclusion as to whether Plaintiff is
disabled.

**II.  The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to provide
clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and she must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

11 - OPINION AND ORDER

The ALJ found Plaintiff's "medically determinable
impairments could not reasonably be expected to produce the
alleged symptoms; and [Plaintiff's] statements concerning the
intensity, persistence, and limiting effects of her symptoms are
not credible."  Tr. 16.  The ALJ noted Plaintiff's allegations
"are not substantiated by the objective medical evidence to the
degree and frequency reported, and inconsistencies in her
statements reduce the reliability of her allegations of
disability."  Tr. 17.  Specifically, the ALJ noted the record
does not contain any diagnosis of a seizure disorder, seizure
activity, an MRI, or any other test indicating seizures by
Plaintiff.  Tr. 17.  Thus, the ALJ found Plaintiff's report of
significant and frequent grand mal and petit mal seizures is
unsupported by the record.  The record reflects Plaintiff suffers
from episodes of hypoglycemia, which "the medical sources do not
equate [with] . . . seizures."  Tr. 17.  The ALJ also pointed out
that the record indicates Plaintiff's hypoglycemic episodes "are
preventable with administration of a shot of glucagon."  Tr. 17.

In addition, Plaintiff testified she has bitten through her
tongue over 500 times in her life due to her alleged seizures and
that she has scars on her tongue and cheeks.  Tr. 38.  The ALJ,
however, noted the medical record does not reflect any such
injuries.  Tr. 17.  For example, Mary F. Carroll, M.D., examining
physician, reported on August 15, 2006, that Plaintiff has dental

12 - OPINION AND ORDER

decay, but her tongue is normal in appearance and range of
motion. Tr. 230.  The ALJ also noted Plaintiff reported she has
nerve damage and vision problems as a result of her diabetes, but
Dr. Carroll found Plaintiff does not have any known diabetes
complications other than hypoglycemia.  Tr. 17, 229.  The ALJ
also found treatment notes from the Deschutes County Mental
Health Department establish that Plaintiff's ADHD responds well
to medication and her anxiety has improved "upon sustained
remission from [methamphetamine] and with reduction of caffeine
intake."  Tr. 18, 514.

On this record, the Court concludes the ALJ did not err when
he rejected Plaintiff's testimony because the ALJ provided
legally sufficient reasons supported by the record for doing so.

**III. The ALJ did not err when he rejected a lay-witness
      statement.**

Plaintiff contends the ALJ erred when he rejected the lay-
witness statement of Plaintiff's mother, Susie Bashaw.

Lay testimony regarding a claimant's symptoms is competent
evidence that the ALJ must consider unless he "expressly
determines to disregard such testimony and gives reasons germane
to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511
(9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224
F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a
claimant's disability, must give full consideration to the
testimony of friends and family members.").

Bashaw stated in an August 15, 2008, letter that Plaintiff has "a severe case of brittle diabetes" and suffers uncontrollable seizures.  Tr. 22.  Bashaw stated Plaintiff is drained for days after her seizures, and, due to her diabetes, Plaintiff has "lost all feeling in her hands and feet" and suffered "major nerve damage [that has caused] mild twitching in her hands and legs and sometimes" that makes it difficult for Plaintiff to walk.  Tr. 22.

The ALJ considered Bashaw's letter and rejected her statement for the same reasons that he rejected Plaintiff's testimony.  For example, as the ALJ noted, Dr. Carroll found Plaintiff does not have any known diabetes complications other than hypoglycemia.  In addition, the record reflects Plaintiff suffers episodes of hypoglycemia rather than seizures, and the hypoglycemia is controlled through an insulin pump and proper diet.  Tr. 16-17.

On this record, the Court concludes the ALJ did not err when he rejected Bashaw's statement because the ALJ provided legally sufficient reasons supported by the record for doing so.

**IV.  The ALJ did not err when he relied on the testimony of the VE.**

Plaintiff contends the ALJ erred at Step Five when he relied on the VE's testimony that Plaintiff can perform the occupations of maid, optical-goods polisher, and garment sorter.

At Step Five, the Commissioner must show the claimant can do

14 - OPINION AND ORDER

other work that exists in the national economy.  *Andrews v.
Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner
can satisfy this burden by eliciting the testimony of a VE with a
hypothetical question that sets forth all of the limitations of
the claimant.  *Id.*  The hypothetical posed to a VE only has to
include those limitations supported by substantial evidence in
the record.  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 883, 866 (9th
Cir. 2006).

Plaintiff contends she cannot perform the occupation of maid
because the Dictionary of Occupational Titles (DOT) describes the
position of maid to include "render[ing] personal service to
patrons," and, according to her RFC, Plaintiff should not have
any contact with the general public.  The Court agrees.
Accordingly, the Court concludes the ALJ erred when he found
Plaintiff can perform the occupation of maid.

Plaintiff contends she also cannot perform the occupations
of optical-goods polisher and garment sorter because in her RFC
the ALJ limited her to performing work that does not involve
exposure to hazards.  The DOT describes the occupation of
optical-goods polisher to include operating a polish wheel and
the occupation of garment sorter to include "may iron garments
prior to folding."  According to Plaintiff, using a polish wheel
or an iron constitutes a workplace hazard.

Social Security Ruling 96-9p defines workplace hazards as

15 - OPINION AND ORDER

follows:   "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals."   1996 WL 374185, at *8.

The Commissioner appears to concede use of a polish wheel may constitute a workplace hazard pursuant to SSR 96-9p, and, therefore, the ALJ erred when he relied on the VE's testimony and concluded Plaintiff could perform the occupation of optical-goods polisher.

As to the garment-sorter position, however, the Commissioner notes the use of an iron in the DOT description of that occupation is potential rather than required.   In addition, using an iron does not meet the definition of a workplace hazard as set out by the SSA.   Accordingly, the Court concludes the ALJ did not err when he relied on that part of the testimony of the VE and concluded Plaintiff could perform the occupation of garment sorter, which is work that exists in significant numbers in the national economy.

The ALJ need identify only one occupation that exists in significant numbers in the national economy to satisfy the Commissioner's burden at Step Five.   *See* 20 C.F.R. § 416.920(a)(4)(v).   On this record, therefore, the Court concludes the ALJ did not err at Step Five when he relied on the VE's testimony and concluded Plaintiff could perform the

16 - OPINION AND ORDER

occupation of garment sorter, which exists in significant numbers in the national economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 13th day of August, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER